UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDINE PIERCE,<br><br>    Plaintiff,<br><br>v.<br><br>DONALD TRUMP, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-01603-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(Doc. No. 3)<br><br>**FOURTEEN -DAY DEADLINE** |

Plaintiff Geraldine Pierce, proceeding pro se, initiated this civil action on December 4, 2017, by filing both a complaint and a motion requesting an opportunity to be heard, to e-file, and for judicial notice. (Doc. Nos. 1 and 2.) Plaintiff Geraldine Pierce did not pay the requisite filing fee for the action or an application to procced in forma pauperis.

On December 7, 2017, the Court determined that neither the complaint nor the accompanying motion was signed by Plaintiff Geraldine Pierce.[1] Therefore, the Court struck the documents from the record and directed Plaintiff Geraldine Pierce, within thirty days following service of the order to (1) file a signed complaint (or notice of voluntary dismissal) and (2) file an application to proceed in forma paupers or pay the $400 filing fee for this action. (Doc. No. 3.)

---

[1] The complaint was signed by purported co-plaintiff, Seavon Pierce, a state prisoner, and challenged the dismissal of Mr. Pierce's prior action, <u>Seavon Pierce v. Fernando Gonzales, et al.</u>, Case No. 1:10-cv-00285-JLT. As neither the requisite filing fee nor an application to proceed in forma pauperis accompanied the complaint, the Court determined that Mr. Pierce was attempting to avoid the three-strike provisions of 28 U.S.C. § 1915(g) by having Geraldine Pierce file this action. Mr. Pierce was admonished that pleadings and other papers presented for any improper purpose, such as to harass or cause unnecessary delay, may result in the imposition of sanctions pursuant to Federal Rule of Civil Procedure 11. (Doc. No. 3 at p. 2, n. 1.)

1  The Court advised Plaintiff that the failure to comply with the order would result in a recommendation for dismissal of this action, with prejudice, for failure to prosecute and failure to obey a court order. (Id.)

The deadline for Plaintiff to file a signed complaint, an application to proceed in forma pauperis or to pay the filing fee has passed, and she has not complied with the Court's order.[2] Accordingly, the Court will recommend dismissal of this action with prejudice.

## I. Failure to Prosecute and Failure to Obey a Court Order

### A. Legal Standards

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

---

[2] On January 4, 2018, Mr. Seavon Pierce filed a notice in this action indicating that a suit had been filed in the Central District of California against the federal court and against federal judges in Case Number 1:10-00285(JLT). Mr. Pierce also submitted several exhibits, including a purported summons, an unexecuted proof of service and a notice of judge assignment for the Central District action. (Doc. No. 4.) Mr. Pierce's filing does not comply with the Court's December 7, 2017 order.

**B. Discussion**

Here, Plaintiff's signed complaint is overdue, and she has been otherwise non-responsive to the Court's order directing her to file an application to proceed in forma pauperis or pay the filing fee. The Court cannot effectively manage its docket if Plaintiff ceases litigating her case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's December 7, 2017 order expressly warned Plaintiff that her failure to file a signed complaint or otherwise comply would result in a recommendation for dismissal of this action, with prejudice, for failure to prosecute and failure to obey a court order. (Doc. No. 3 at pp. 2-3.) Thus, Plaintiff had adequate warning that dismissal could result from her noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff has not filed an operative complaint or responded to the Court, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating her case.

**II. Conclusion and Recommendation**

For the reasons explained above, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to obey a court order and failure to prosecute.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 17, 2018**     /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE